RECEIVED
IN LAKE CHARLES, LA.

MAY 15 2014

TONY R. MOORE, CLERK
BY _____
               DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| J.A. DAVIS PROPERTIES, L.L.C. | * | CIVIL ACTION NO. 2:12-CV-01169 |
| Plaintiff | * | |
| V. | * | |
| | * | JUDGE MINALDI |
| ESCO-VINA, L.L.C., F/K/A VINA TEXAS METAL TRADING, L.L.C., & KEVIN NGUYEN | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

*******************************************************************

## MEMORANDUM RULING

Before the court is the Motion to Limit Effect of the 11 U.S.C. § 362 Stay, or Alternatively, Motion to Sever [Doc. 30], filed by J.A. Davis Properties, L.L.C. (plaintiff), to which the defendant, Kevin Nguyen (Nguyen), has filed an Opposition [Doc. 40]. For the following reasons, the Motion is hereby **GRANTED**.

## FACTS & PROCEDURAL HISTORY

The plaintiff filed suit against Esco-Vina, L.L.C. (Esco-Vina), and Nguyen, on or about March 12, 2012, in the Thirty-Eighth Judicial District Court for the Parish of Cameron, Louisiana, in connection with Esco-Vina's alleged breach of a lease contract.[1] The state court petition alleges that the plaintiff had leased properties to Esco-Vina, and that Esco-Vina had essentially failed to live up to its obligations under the lease as to the maintenance and repair of the property.[2] The petition further alleges that Nguyen is liable *in solido* with Esco-Vina for all

---

[1] *See* Not. of Removal [Doc. 1], at 1. *See also* Mot. to Sever [Doc. 30], at ¶¶ 1-2.
[2] Pet. [Doc. 1-2], at ¶¶ 2, 4.

1

of the costs of restoration and remediation of the subject property, having executed a personal guarantee of the lease.[3]

The case was removed on May 4, 2012, pursuant to the court's diversity of citizenship subject matter jurisdiction under 28 U.S.C. 1332(a).[4] On August 2, 2012, Esco Vina[5] filed a Notice of Automatic Stay [Doc. 22], advising the court that Esco-Vina had filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Texas, bearing case number 12-11356.[6] Thus, the automatic stay provided for by 11 U.S.C. § 362(a)[7] is presently in force as to Esco-Vina; this is undisputed. On March 11, 2013, the plaintiff filed the instant Motion [Doc. 30] essentially seeking either a declaration that the stay currently in effect does not prohibit the prosecution of the claims against Nguyen, or, in the

---

[3] Pet. [Doc. 1-2], at ¶ 13.
[4] Not. of Removal [Doc. 1], at 3.
[5] It should be noted that Esco-Vina was originally known as Vina Texas Metal Trading, L.L.C., and further advises the court in its Notice of Automatic Stay [Doc. 22], that it is now known as SEM Holdings, L.L.C. However, for purposes of clarity and consistency, the court will continue to refer to the defendant L.L.C. as Esco-Vina.
[6] *See* Not. of Automatic Stay [Doc. 22], at 1.
[7] *See* 11 U.S.C. § 362(a), stating
    (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
    (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
    (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
    (4) any act to create, perfect, or enforce any lien against property of the estate;
    (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
    (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
    (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

alternative, the severance of the plaintiff's claims against Nguyen from those asserted against Esco-Vina.[8]

## LAW & ANALYSIS

In support of its Motion [Doc. 30], the plaintiff relies on *GATX Aircraft Corporation v. M/V Courtney Leigh*, 768 F.2d 711 (5th Cir. 1985),[9] in which the United States Fifth Circuit Court of Appeals clearly stated that, "while the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other co-defendants."[10] *Id.* at 716. Indeed, it is well-established that "[s]ection 362 is rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 435 (5th Cir. 2001) (*citing Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)).

Nguyen asserts that the automatic stay extends to Nguyen on the grounds that "continuation of the action would interfere with Esco-Vina's bankruptcy proceeding."[11] In support, Nguyen argues that "a court retains the power to enjoin the action if continuation of the action would interfere substantially with the debtor's reorganization."[12] Indeed, the Fifth Circuit has recognized a relatively narrow exception to the general rule that 11 U.S.C. § 362 applies only to debtors in every instance; "a bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (*citing A.H.

---

[8] Mot. to Sever [Doc. 30], at ¶¶ 1-4.
[9] *See* Memo. in Supp. [Doc. 30-1], at 2.
[10] The *GATX Aircraft* court also rejected the argument that the claims against the non-bankrupt party needed to be necessarily severed in order to proceed. *GATX*, 768 F.2d at 715-16.
[11] Opp. [Doc. 40], at ¶ 21.
[12] *Id.* (*citing* 3 COLLIER ON BANKRUPTCY ¶ 362.03).

*Robins, Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). *See also Arnold*, 278 F.3d 426, 436. There is little argument made herein, nor evidence offered, which would support a finding that this exception is applicable to the instant facts. *See, e.g., Compass Bank v. Vey Finance, L.L.C., et al.*, No. EP-10-cv-137-PRM, 2011 U.S. Dist. LEXIS 98064, at *6 (W.D. Tex. Jun. 1, 2011) (holding that this exception did not apply to non-bankrupt co-defendants under similar circumstances). Furthermore, the Fifth Circuit has indicated that the ability to stay a proceeding against a non-bankrupt party in this manner is discretionary. *See, e.g., Reliant Energy Servs., Inc.*, 459 F.3d at 825 (noting that such an exceptional stay "may" be invoked by the bankruptcy court).

In *GATX*, as here, the non-bankrupt co-defendants were guarantors of the bankrupt parties' obligation to the plaintiff, GATX. *GATX*, 768 F.2d at 713. When the bankrupt parties defaulted, GATX sued both the non-bankrupt guarantors and the bankrupt parties, alike.[13] *Id.* at 714.

> First, [the defendants] suggest[ed] that GATX was required to sever [the bankrupt parties] at the trial court level in order not to violate the automatic stay. Second, they assert[ed] that their claims . . . against [the bankrupt parties] were so intertwined with their liability to GATX that it [would have been] inequitable to render judgment against the Guarantors at [the] time . . . . In any event both of these assertions lack[ed] merit and border[ed] on frivolousness.

*Id.* at 715-16. The Fifth Circuit continued by stating that "[t]o prevent or delay GATX from enforcing its rights in a situation foreseen by it and contractually provided for with each guarantor would be, under these circumstances, legally inequitable." *Id.* at 717. The court finds this reasoning persuasive and applicable to the instant facts.

---

[13] This occurred prior to the bankrupt parties' filing for bankruptcy. *GATX Aircraft Corp.*, 768 F.2d at 714.

4

The court can see no reason why the automatic stay should extend to Nguyen.[14] While Nguyen argues that this court does not possess jurisdiction to "limit" the automatic stay of 11 U.S.C. § 362,[15] the court herein is merely recognizing the well-defined scope of the statutory stay provision under well-established federal law. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion [Doc. 30] is **GRANTED** insofar as it seeks recognition by the court that the 11 U.S.C. § 362 stay issued by the bankruptcy court as to the bankrupt defendant, Esco-Vina, does not apply to claims asserted by the plaintiff against Nguyen in the above-captioned matter. As such, it is unnecessary to address the plaintiff's alternative request for severance.

Lake Charles, Louisiana, this 8 day of May, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[14] *See also GATX Aircraft Corp.*, 768 F.2d at 717 (stating that "[t]he inequity, if any, of GATX's obtaining the instant judgment against Appellants derives largely from Appellants' investment decision that turned sour").
[15] Opp. [Doc. 40], at ¶ 2.